UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY FLETCHER, CDCR #C-41111,<br><br>　　　　　　　　Plaintiff,<br><br>　　vs.<br><br>PRAMO, Warden;<br>A.W. HERNANDEZ,<br><br>　　　　　　　　Defendants. | Case No.: 3:16-cv-01877-AJB-BGS<br><br>**ORDER:**<br><br>**1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 3]**<br><br>**AND**<br><br>**2) DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii) AND § 1915A(b)(1)** |

　　GREGORY FLETCHER ("Plaintiff"), currently incarcerated at Salinas Valley State Prison ("SVSP") in Soledad, California, and proceeding pro se, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1).

　　Plaintiff's claims the Warden and Associate Warden of Richard J. Donovan Correctional Facility ("RJD") in San Diego covered up "assaults, murders, corruptions, rape, and shooting[s]" at RJD during "all of 2011" and until October 7, 2015, as part of the "Green Wall Mafia Union" and as the result of a racial conspiracy against black

inmates. (ECF No. 1 at 1-4.) Plaintiff seeks injunctive relief in the form of "protection" against harm at SVSP, as well as $25 million in general and punitive damages for "all the deaths, murders, assaults, [and] rape[s] that [Defendants] got away with." (*Id.* at 7).

Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a) when he filed his Complaint; instead, he has filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 3), followed by several supplemental declarations in support of his IFP (ECF Nos. 5, 7).

## I. Plaintiff's IFP Motion

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ S. Ct. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

In support of his IFP Motion, Plaintiff has submitted certified copies of his CDCR Inmate Statement Report, as well as several prison certificates, verified by a SVSP trust account officer, pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. *See* ECF Nos. 2, 3, 5, 7; *Andrews*, 398 F.3d at 1119. These documents show that Plaintiff had no deposits to his account, carried no balance over the 6-month period preceding the filing of his Complaint, and had an available balance of zero at the time of filing. As a result, the Court declines to assess any initial partial filing at this time. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered.").

Therefore, the Court GRANTS Plaintiff's Motion to Proceed IFP (Doc. No. 3) and directs the Secretary of the California Department of Corrections and Rehabilitation ("CDCR"), or his designee, to collect the entire $350 balance of the filing fees required by 28 U.S.C. § 1914 and forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1). *See id.*

///

///

## II. Screening Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)

### A. Standard of Review

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir. 2012)).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969

(9th Cir. 2009).

### B. Plaintiff's Complaint

Plaintiff claims RJD's Warden and Associate Warden have, over the course of four years, "intentionally and knowingly" "covered up shootings, murders, assaults, rape and more" and have been "letting blacks get hurt." (ECF No. 1 at 3-4.) Plaintiff claims this is due to a racist conspiracy "by CDC officers Green Wall Mafia Union" and because there are no cameras on the A, B, C, or D Facility at RJD; therefore "they['ve] never been caught." (*Id.* at 4.)

First, the Court finds Plaintiff's Complaint fails to state a claim for conspiracy under section 1983, because it offers only "naked assertions devoid of further factual enhancement," *Iqbal*, 556 U.S. at 678, to show the existence of an agreement or a meeting of the minds to violate his constitutional rights, or any actual deprivation of those constitutional rights. *Avalos v. Baca*, 596 F.3d 583, 592 (9th Cir. 2010); *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2001); *see also Jones v. Jimenez*, No. 1:14-cv02045 LJO SAB PC, 2015 WL 8538922, at *7 (E.D. Cal. Dec. 11, 2015) (finding prisoner's vague references to "green wall" conspiracy tactics insufficient to state a cognizable conspiracy claim, and therefore, subject to sua sponte dismissal pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A).

Second, it appears Plaintiff seeks to hold both RJD's Warden and Associate Warden liable for unspecified constitutional violations based solely on their supervisory duties with regard to other unnamed RJD officials. But his Complaint contains no further "factual content" describing either Defendant's direct involvement in any constitutional injury actually suffered by Plaintiff sufficient to "allow[] the court to draw the reasonable inference that the [Wardens] [are] liable" for any constitutional violation. *Iqbal*, 556 U.S. at 678. "All § 1983 claims must be premised on a constitutional violation." *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir. 2009). To state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his constitutional rights. *Iqbal*, 556 U.S. at 673; *Colwell v. Bannister,* 763 F.3d 1060, 1070

1  (9th Cir. 2014). Liability may not be imposed on supervisory personnel for the acts or
2  omissions of their subordinates under the theory of respondeat superior. *Iqbal*, 556 U.S.
3  at 672-673. "In order for a person acting under color of state law to be liable under
4  section 1983 there must be a showing of personal participation in the alleged rights
5  deprivation." *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002); *Taylor v. List*, 880
6  F.2d 1040, 1045 (9th Cir. 1989).

7  "A defendant may be held liable as a supervisor under § 1983 'if there exists either
8  (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient
9  causal connection between the supervisor's wrongful conduct and the constitutional
10 violation.'" *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting *Hansen v. Black*,
11 885 F.2d 642, 646 (9th Cir. 1989)). This causal connection "can be established by setting
12 in motion a series of acts by others, or by knowingly refusing to terminate a series of acts
13 by others, which the supervisor knew or reasonably should have known would cause
14 others to inflict a constitutional injury." *Id.* at 1207-08 (internal quotation marks, citation,
15 and alterations omitted).

16 In his Complaint, Plaintiff claims only that both Defendants "kn[e]w[] exactly
17 what [wa]s going on," and that Associate Warden Hernandez is "very racist and
18 prejudice." (ECF No. 2, 4.) But these conclusory accusations fail to plausibly suggest that
19 either Defendant personally participated in, or directed their subordinates to do anything
20 which caused an actual violation of Plaintiff's constitutional rights. *Jones*, 297 F.3d at
21 934; *Starr*, 625 F.3d at 1205-06; *Redman v. City of San Diego*, 942 F.2d 1435, 1447 (9th
22 Cir. 1991) (finding supervisory personnel liable only when an adequate causal connection
23 is alleged between the Defendant's breach of duty and the plaintiff's constitutional
24 injury). In fact, Plaintiff fails to allege *he* was ever actually injured by the racial
25 conspiracy he seeks to expose. *See Warth v. Seldin,* 422 U.S. 490, 499 (1975) (prisoners
26 lack standing to assert the constitutional rights of other prisoners and may only challenge
27 violations of their own rights that result in an actual injury).
28 ///

"Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Iqbal*, 556 U.S. at 677. Thus, as currently pleaded, the Court finds Plaintiff's Complaint amounts to no more than "an unadorned, the defendant[s]-unlawfully-harmed-me-accusation," that "stops short of the line between possibility and plausibility" that he is entitled to relief. *Id.* at 678. Therefore, it "fails to state a claim to relief that is plausible on its face," *Id.*; *Taylor*, 880 F.2d at 1045, and his claims against the Warden and Associate Warden must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). *See Lopez*, 203 F.3d at 1126-27; *Rhodes*, 621 F.3d at 1004.

    C.    <u>Leave to Amend</u>

A pro se litigant must be given leave to amend his or her complaint to state a claim unless it is absolutely clear the deficiencies of the complaint cannot be cured by amendment. *See Lopez*, 203 F.3d at 1130 (noting leave to amend should be granted when a complaint is dismissed under 28 U.S.C. § 1915(e) "if it appears at all possible that the plaintiff can correct the defect"). Therefore, while the Court finds Plaintiff's Complaint fails to state any claim upon which relief can be granted, and doubts he will be able to cure his pleading defects, it will provide him a chance to do so—if he can. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)).[2]

---

[2] The Court takes judicial notice of two other civil rights actions recently filed by Plaintiff in the Southern District of California. Both also allege constitutional violations occurring at RJD, but both involve separate claims against different sets of Defendants. *See e.g., Fletcher v. Marquez, et al.*, 3:16-cv-00564-JLS-MDD (S.D. Cal. filed March 4, 2016); *Fletcher v. Quin, et al.*, 3:15-cv-02156-GPC-NLS (S.D. Cal. Filed Sept. 24, 2015); *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'") (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)). Plaintiff is cautioned that should he elect to amend his Complaint in this case, he may *not* include any claim which is duplicative of one he has already alleged in another case pending before another judge. *See Cato v. United States*, 70 F.3d 1103,

### III. Conclusion and Orders

Good cause appearing, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (Doc. No. 3).

2. **DIRECTS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by garnishing monthly payments from his account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in his account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Scott Kernan, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001.

4. **DISMISSES** Plaintiff's Complaint for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1), and **GRANTS** him forty-five (45) days leave from the date of this Order in which to file an Amended Complaint which cures all the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

///

---

1105 n.2 (9th Cir. 1995) (noting that a prisoner's complaint is considered frivolous under 28 U.S.C. § 1915 if it "merely repeats pending or previously litigated claims.").

If Plaintiff fails to file an Amended Complaint within the time provided, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED**.

Dated:  October 25, 2016

Hon. Anthony J. Battaglia
United States District Judge