UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY FLETCHER, CDCR #C-41111,<br><br>                           Plaintiff,<br><br>vs.<br><br>PRAMO, Warden, et al.,<br><br>                           Defendants. | Case No.  3:16-cv-01877-AJB-BGS<br><br>**ORDER DISMISSING CIVIL ACTION FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii) AND § 1915A(b)(1) AND FOR FAILING TO PROSECUTE IN COMPLIANCE WITH COURT ORDER REQUIRING AMENDMENT** |

GREGORY FLETCHER ("Plaintiff"), currently incarcerated at Salinas Valley States Prison in Soledad, California, and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983, on July 21, 2016 (ECF No. 1). Plaintiff alleged the Warden and Associate Warden at Richard J. Donovan Correctional Facility ("RJD") in San Diego covered up "assaults, murders, corruptions, rape, and shooting[s]" at RJD during "all of 2011" and until October 7, 2015, as part of the "Green Wall Mafia Union" and as the result of a racial conspiracy against black inmates. (ECF No. 1 at 1-4.)

**I.     Procedural Background**

At the time he filed his Complaint, Plaintiff did not prepay the $400 filing fee mandated by 28 U.S.C. § 1914(a); instead, he later filed several motions to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF Nos. 3, 5, 7).

1

On October 25, 2016, the Court granted Plaintiff leave to proceed IFP, but dismissed his Complaint failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b) (ECF No. 8). The Court also granted Plaintiff 45 days, or until approximately December 9, 2016, in which to file an Amended Complaint that addressed the deficiencies of pleading identified by the Court. *Id.* at 7; *see also Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured.") (citations omitted).

Plaintiff was explicitly cautioned that should he fail to amend within the time granted, the Court would enter a final order dismissing his case based on his failure to state a claim and his failure to prosecute. (*Id.* at 9, citing *Lira v. Herrera*, 427 F.3d 1164m 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into a dismissal of the entire action.")).

The deadline for amendment has now passed, but Plaintiff has yet to file an Amended Complaint, or request for an extension of time in which to do so. "The failure of the plaintiff eventually to respond to the court's ultimatum–either by amending the complaint or by indicating to the court that it will not do so–is properly met with the sanction of a Rule 41(b) dismissal." *Edwards v. Marin Park*, 356 F.3d 1058, 1065 (9th Cir. 2004).

## II.   Conclusion and Order

Accordingly, the Court **DISMISSES** this civil action in its entirety without prejudice and without further leave to amend based on Plaintiff's failure to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), and his failure to prosecute pursuant to FED. R. CIV. P. 41(b) in compliance with the Court's October 25, 2016 Order.

The Court further **DIRECTS** the Clerk to enter a final judgment of dismissal and close the file, and **CERTIFIES** that an appeal in this matter would not be taken in good

2

3:16-cv-01877-AJB-BGS

faith pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

**IT IS SO ORDERED**.

Dated: December 16, 2016

*[signature]*
Hon. Anthony J. Battaglia
United States District Judge